**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CORDOVA,<br><br>Defendant. | Case No. 25-cr-0018 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 2/6/2025 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on February 6, 2025, held a detention or release hearing for defendant Robert Cordova. The Court concluded that the prosecution satisfied its burden to detain Cordova pending trial, as explained further below.

Cordova is charged by Indictment with felony charges of 18 U.S.C. § 2114(a) – Robbery of a United States Mail Carrier and 18 U.S.C. §§ 111(a) and (b) – Assaulting a Federal Employee. Both offenses are crimes of violence. *See United States v. Buck*, 23 F.4th 919, 923 (9th Cir. 2022) (analyzing 18 U.S.C. § 2114(a)); *United States v. Juvenile Female*, 566 F.3d 943, 947–48 (9th Cir. 2009) (analyzing 18 U.S.C. §§ 111(a) and (b)); *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (same). Cordova is presumed innocent of the charges; entered a not guilty plea; and nothing in this order may

be construed as evidence of his guilt.  Both parties were advised of their right to appeal this decision to the presiding District Judge.  Cordova was advised of his rights and appeared at the hearing with his appointed counsel, FPD Sophia Whiting.  The prosecution was reminded of its obligations to victims under the Crime Victims Rights Act and the AUSA, Neal Hong, stated that no crime victim wished to present any information directly to the Court in connection with the detention or release decision.  The prosecution presented as illustrative aids a 15-seecond video depicting the alleged assault and a photograph showing the victim after the assault.

The parties and the Court were assisted by a pre-bail report prepared by Pretrial Services.  Dkt. No. 7.  Pretrial Services recommended detention.

There is no applicable presumption in favor of detention in this case.  Accordingly, the prosecution bears the burden of showing by a preponderance of the evidence that the accused poses a flight risk, or by clear and convincing evidence that he poses a danger to the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Court must consider the following factors when determining whether to release or detain the accused: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

Based on the totality of the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determines that the prosecution satisfied its burden and established by more than clear and convincing evidence that there is no combination of conditions that will reasonably assure the safety of the community if Cordova is released; and established by more than a preponderance of the evidence that there is a risk of non-appearance that cannot be mitigated by a combination of conditions. The central facts found by the Court and weighed in the determination: the charged offense

and evidence presented shows a crime of violence against a federal employee; the defendant was on community supervision at the time of the offense and has 4 violations while on supervision; lengthy criminal record; poly-substance abuse history; mental health history; 17 aliases; and flight at the time of arrest. The nature and weight of the evidence on the present charge is serious and the sentencing exposure upon potential conviction substantial.

The defendant Cordova is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Finally, the Court has requested a further in-custody mental health and substance abuse evaluation by NewBridge. A further hearing is scheduled for Feb. 27, 2025, at 1:00 p.m.

IT IS SO ORDERED.

Date: February 6, 2025

Nathanael M. Cousins
United States Magistrate Judge